UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE ANDREW ARREDONDO, | ) | Case No. SACV 16-2222-FMO (JPR) |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER SUMMARILY DISMISSING HABEAS |
| v. | ) | PETITION WITHOUT PREJUDICE AND |
| | ) | ADMINISTRATIVELY CLOSING CASE |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On December 16, 2016, the Court received an envelope sent by Petitioner, who is apparently an inmate at Calipatria State Prison, containing nothing but a completely blank Petition for Writ of Habeas Corpus form from the Southern District of California.[1]  The Court's review of the California Appellate Courts Case Information website reveals that on April 27, 2016, the California Supreme Court denied Petitioner's Petition for Review challenging a conviction or convictions from Orange County.

Rule 4 of the Rules Governing Habeas Corpus Cases states

---

[1] Petitioner neither paid the filing fee nor submitted a request to proceed in forma pauperis.

1

that a district judge "must dismiss" a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  See also C.D. Cal. R. 72-3.2 (providing for magistrate judges to prepare summary-dismissal orders for district judges' signature).  Summary dismissal is appropriate when the petition is "vague [or] conclusory" or "patently frivolous."  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).  Here, the Petition is patently frivolous because it is as conclusory as possible: it contains no allegations or information of any kind.

   Accordingly, the Petition is DISMISSED without prejudice.  The Clerk is directed to administratively close this case.

DATED: December 27, 2016          _____/s/_____
                                  FERNANDO M. OLGUIN
                                  U.S. DISTRICT JUDGE

Presented by:

_____
Jean Rosenbluth
U.S. Magistrate Judge